MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
KATHRYN A. PANACCIONE (CSBN 332188)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012
Telephone: (213) 894-3950
Panaccione.kathryn.a@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>                                    Plaintiff,<br><br>          v.<br><br>GOOD CASH, LLC, a limited liability company; GOOD CASH, a corporation; PREMIUM QUALITY APPAREL, LLC, a limited liability company; PREMIUM QUALITY APPAREL, a corporation; RAMON NONATO TECUM CHIGUIL, an individual; MARISELA ROMERO, an individual, aka DIANNA TECUM, aka DIANA TECUM, aka DIANA ROMERO, aka DIANNA ROMERO; JOSEPH DELAO, an individual;<br><br>                                    Defendants. | Case No. [Case Number]<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

The Fair Labor Standards Act ("FLSA") requires that all employees be paid the full wages due for all hours worked, including payment of an overtime premium for all hours worked in excess of forty in a workweek. Defendants operate a facility in Los Angeles, California, where their employees sew garments such as women's' sportswear. Defendants have denied payment of the full lawful wages due to these workers. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' illegal activity. Under the FLSA, garments are "hot goods" that must not be introduced into commerce. The Acting Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## NATURE OF THE ACTION

1. Plaintiff Julie A. Su, Acting Secretary of Labor for the United States Department of Labor ("the Acting Secretary"), is charged with enforcing the FLSA in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Acting Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219) ("FLSA" or "Act") to enjoin Defendants from violating the provisions of Sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211, 215.

3. Under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), the Acting Secretary also seeks to recover all penalties due based on Defendants' FLSA violations, including the failure to pay overtime, from at least June 1, 2021,

through the present ("Subject Period").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

5. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District and one or more Defendants reside within this District.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

6. Defendant Good Cash, LLC is a limited liability company organized and existing under the laws of California. Good Cash LLC sews sportswear for women with places of business located in Los Angeles, California, at 5901 Crocker Street, 530 East Jefferson Boulevard and 538 East Jefferson Boulevard. Defendant Good Cash LLC has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Acting Secretary. As the Acting Secretary becomes aware of any such other employees, she will add them to Exhibit A.

7. Defendant Good Cash, Inc, is a corporation organized and existing under the laws of California. Good Cash, Inc. is owned by Defendant Marisela Romero aka Dianna Tecum aka Diana Tecum aka Diana Romero aka Dianna Romero ("Romero") and has a principal business address of 5901 Crocker Street in Los Angeles. Good Cash Inc. sews garments and has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Acting Secretary. As the Acting Secretary becomes aware of any such other employees, she will add them to Exhibit.

8. Defendant Premium Quality Apparel, Inc. ("PQA Inc.") is a

corporation organized and existing under the laws of California. PQA Inc. sews sportswear for women with places of business located in Los Angeles, California, at 5901 Crocker Street, 530 East Jefferson Boulevard and 538 East Jefferson Boulevard. Defendant PQA Inc. has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Acting Secretary. As the Acting Secretary becomes aware of any such other employees, she will add them to Exhibit A.

9. Defendant Premium Quality Apparel, LLC, is a limited liability company organized and existing under the laws of California. Good Cash, Inc. is owned by Romero and has a principal business address of 538 East Jefferson Boulevard in Los Angeles. Premium Quality Apparel, LLC, sews garments and has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Acting Secretary. As the Acting Secretary becomes aware of any such other employees, she will add them to Exhibit.

10. Defendant Marisela Romero (a.k.a. Dianna Tecum, a.k.a Diana Tecum, a.k.a. Dianna Romero, a.k.a. Diana Romero) operates and manages the corporate Defendants. At all relevant times, Romero acted directly or indirectly in the interests of Good Cash LLC, Good Cash, Inc., Premium Quality Apparel, Inc., and Premium Quality Apparel, LLC ("Corporate Defendants") in relation to their employees, including determining employment practices. On information and belief, she resides within the jurisdiction of this Court. Romero is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of the Corporate Defendants.

11. Defendant Joseph Delao owns PQA, Inc. At all relevant times, Mr. Delao acted directly or indirectly in the interests of the Corporate Defendants in

relation to their employees, including determining employment practices. On information and belief, he resides within the jurisdiction of this Court. Mr. Delao is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of the Corporate Defendants.

12. Defendant Ramon Tecum operates and manages the corporate Defendants. At all relevant times, Tecum acted directly or indirectly in the interests of the Corporate Defendants in relation to their employees, including determining employment practices. On information and belief, he resides within the jurisdiction of this Court. Tecum is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of the Corporate Defendants.

13. At all relevant times, Marisela Romero, Ramon Tecum, and Joseph Delao jointly operated and controlled the Corporate Defendants for the common business purpose of sewing garments at 5901 Crocker Street, 530 East Jefferson Boulevard and 538 East Jefferson Boulevard in Los Angeles. As a result, Good Cash LLC, Good Cash, Inc., Premium Quality Apparel, Inc., and Premium Quality Apparel, LLC, are and have been an "enterprise" as defined in FLSA 3(r), 29 U.S.C. 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

## FACTS COMMON TO ALL CAUSES OF ACTION

### I. Defendants Deprive Their Employees of the Wages They Earned and Fail to Maintain the Required Accurate Records of Their Work

14. Defendants typically employ approximately fifty or more employees at any given time. Many employees regularly work more than forty hours per week. Defendants paid different employees in different ways: some were paid hourly rates, some were paid by salary, and some were paid by the piece.

15. For each employee, Defendants would alter the time records that

accurately reflected what time the employee started work, left work, and took their lunch break. Defendants would alter the time records by changing the employees' start and stop times. The result was that the employees' time records showed that the employees worked only approximately 40-49 hours per week, when in reality the employees had worked around 52 hours per week.

16. Defendants generated paystubs and payroll checks which reflected the altered hours, and therefore, the reduced pay.

17. However, for some employees who were paid by salary, Defendants did not give them the payroll checks. Instead, Defendants gave those employees a bank check that reflected the salary Defendants paid them. Those employees' salaries were less than what the payroll check reflected that the employees were paid. Defendants did not pay these employees a rate of one and one-half times the regular rate for work performed in excess of forty hours per work week.

18. Defendants deducted payroll taxes for some employees, but did not submit payroll taxes to the federal government on behalf of those employees.

19. During the Subject Period and on an ongoing basis, Defendants have failed to pay a rate of one and one-half times the regular rate for work performed in excess of forty hours per work week.

20. During the Subject Period and on an ongoing basis, Defendants have failed to record or maintain accurate records of hours worked by their employees. Defendants falsify employee time records by altering in their timekeeping system the times that employees clocked in and out.

## II.    Defendants Have Shipped Hot Goods

21. Defendants employed employees in producing, handling or working on goods a substantial portion of which was shipped, delivered, or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery, or sale to places outside of California was intended. Defendants' employees, by reason of their employment, were engaged in commerce or in the

production of goods for commerce, within the meaning of the FLSA. Defendants knew that these goods would be shipped and sold to their customers but failed to take any action to ensure that these goods were made in compliance with the FLSA.

22. As a result of Defendants' violations of the FLSA and obstruction of the DOL's investigation, Defendants have accrued substantial ill-gotten gains reaped from the labor of workers who were not paid the overtime required by the FLSA.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Overtime Violations

23. At all relevant times, Defendants have violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

24. At all relevant times, Defendants have willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

## SECOND CLAIM FOR RELIEF

### Recordkeeping Violations

25. At all relevant times, Defendants have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29

C.F.R. part 516.

26. At all relevant times, Defendants have willfully violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants have created and maintained inaccurate and incomplete records of employees' hours worked and wages paid, even though they knew or should have known that this conduct violates the FLSA.

### THIRD CLAIM FOR RELIEF
### Hot Goods

27. Defendants have violated Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which Defendants' employees were not paid the overtime required by FLSA.

28. Defendants' violations of the hot goods provisions of the FLSA are willful. Defendants knowingly continued to sell goods into commerce which were produced by workers not paid overtime wages.

### PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including: Sections 7 and 15(a)(2), of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2); Sections 11(c) and 15(a)(5), of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5); and Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1); and

B.    For an Order: Under Section 16(e) of the FLSA, 29 U.S.C. § 216(e) finding Defendants liable for all penalties due, including for overtime violations, from at least January 3, 2023, through August 31, 2023;

C.    For an Order directing Defendants to issue notice to their employees of their rights under the FLSA and under any injunction, judgment, or order in this action;

D.    For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Acting Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure; and

E.    For an Order awarding the Acting Secretary the costs of this action.

Respectfully submitted,

Dated: December 7, 2023

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

*/s/ Kathryn A. Panaccione*
KATHRYN A. PANACCIONE
Trial Attorney

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

## Exhibit A

| First Name | Last Name |
|---|---|
| Julio Cezar | Acosta |
| Sergio | Aguilar |
| Santiago | Ajin |
| Mario | Alday |
| Isaias | Alvarado |
| Veronica | Anzures |
| Gonzalo | Baltazar |
| Juana | Baltazar |
| Ruben | Bareno |
| Alberta | Barrios |
| Mariano | Cabrera |
| Juan C | Calvac |
| Delfina | Cardoza |
| Angeles | Cazares |
| Hugo | Celaya |
| Clemente | Chan |
| Santos | Chanax |
| Isabel | Chavez |
| Marlon O | Chavez |
| Diego | Chay |
| Juan T | Chay |
| Luis | Chiguil |
| Gladys | Cisneros |
| Lorenzo | Cite |
| Ismael | Corril |
| Conrado | Cortes |
| Maria | Cox |
| Edgar | Cruz |
| Elena | Cruz |

| | | |
|---|---|---|
| 1 | Lucia | Cruz |
| 2 | Maria G | Cruz |
| 3 | Maria Vega | De Rodriguez |
| 4 | Amparo | Diego |
| 5 | Maria Esther | Echeverria |
| 6 | Juana | Esquivel |
| 7 | Victor | Farias |
| 8 | Constantino | Fuentes |
| 9 | Abigail | Gabriel |
| 10 | Ana C | Garcia |
| 11 | Hada | Garcia |
| 12 | Ismelda | Garcia |
| 13 | Juana | Garcia |
| 14 | Maria Imelda | Garcia |
| 15 | Obdulia | Garcia |
| 16 | Raul | Garcia |
| 17 | Jose Roderico | Gomez |
| 18 | Juana Marleni | Gomez |
| 19 | Magdalena | Gomez |
| 20 | Ambrocio | Gonon |
| 21 | Antonio | Gonzalez |
| 22 | Armando | Gonzalez |
| 23 | Catarina | Gonzalez |
| 24 | Denver | Gonzalez |
| 25 | Edgar Albino | Gonzalez |
| 26 | Hector | Gonzalez |
| 27 | Juan | Gonzalez |
| 28 | Oseas | Gonzalez |
| | Petrona | Gonzalez |
| | Tomas | Gonzalez |
| | Corina | Hernandez |
| | Dalila | Hernandez |

| # | First Name | Last Name |
|---|---|---|
| 1 | Dominga | Hernandez |
| 2 | Juan | Hernandez |
| 3 | Lucila | Hernandez |
| 4 | Maria M | Hernandez |
| 5 | Micaela | Hernandez |
| 6 | Roberto | Hernandez |
| 7 | Rosalio | Hernandez |
| 8 | Sebastian N | Hernandez |
| 9 | Margarito | Herrera |
| 10 | Andres T | Hic |
| 11 | Paula | Huerta |
| 12 | Maria | Huimac |
| 13 | Magdalena | Ignacio |
| 14 | Froilana | Itzep |
| 15 | Gregory Samuel | Itzep Lopez |
| 16 | Francisco | Iztep |
| 17 | Clemente | Jimenez |
| 18 | Margarita | Jimenez |
| 19 | Francisco | Juarez |
| 20 | Julian | Juarez |
| 21 | Josefina | Lopez |
| 22 | Juan | Lopez |
| 23 | Macario | Lopez |
| 24 | Marieta | Lopez |
| 25 | Marta | Lopez |
| 26 | Melicio | Lopez |
| 27 | Moises | Lopez |
| 28 | Vilma | Lopez |
| 29 | Dominga | Luciano |
| 30 | Toribio | Luna |
| 31 | Augustin | Marin |
| 32 | Rocio | Marin |
| 33 | Cezar | Marquez |

| # | First | Last |
|---|---|---|
| 1 | Esteban | Martinez |
| 2 | Ofelia M | Matul |
| 3 | Sandra | Matul |
| 4 | Felix | Mejia |
| 5 | Lalis | Mejia |
| 6 | Mariela | Mejia |
| 7 | Mauricio | Mejia |
| 8 | Samuel | Menchu |
| 9 | Pedro | Mendoza |
| 10 | Jose | Montoya |
| 11 | Alejandro V | Olivares |
| 12 | Manuel | Orduna |
| 13 | Narciso | Ortiz |
| 14 | Antonio | Oxlaj |
| 15 | Miguel | Oxlaj |
| 16 | Matias Lopez | Pastor |
| 17 | Jacinto T | Pastor Jacinto |
| 18 | Byron | Paxtor |
| 19 | Edwin | Paxtor |
| 20 | Jose Santos | Paxtor |
| 21 | Leonardo | Paxtor |
| 22 | Santos | Pec |
| 23 | Flory | Perez |
| 24 | Graciela | Perez |
| 25 | Jeremias | Perez |
| 26 | Juan | Perez |
| 27 | Juan Pastor | Perez |
| 28 | Paula | Perez |
| | Ramon | Perez |
| | Jorge Arturo | Pirir |
| | Hector | Puac |
| | Moises | Ramales |

| # | First | Last |
|---|---|---|
| 1 | Francisco P | Ramirez |
| 2 | Maria | Ramirez |
| 3 | Juan A | Ramos Chay |
| 4 | Miguel | Renoj |
| 5 | Andrea | Rodriguez |
| 6 | Veronica | Rumbo |
| 7 | Daniel | Sabaj |
| 8 | David | Salinas |
| 9 | Victor | Salinas |
| 10 | Eliseo | Sanchez |
| 11 | Nery | Sandoval |
| 12 | Bartolo | Sarat |
| 13 | Francisco | Son |
| 14 | Miqueos | Son |
| 15 | Santos | Son |
| 16 | Maria | Sosa |
| 17 | Norma | Sosa |
| 18 | Jazmina | Soto |
| 19 | Julian | Tamayac |
| 20 | Diego C | Tecum |
| 21 | Hermelinda | Tecum |
| 22 | Jacinto | Tecum |
| 23 | Javier | Tecum |
| 24 | Victoriana | Tecum |
| 25 | Wilfredo | Tecum |
| 26 | Pedro | Tomas |
| 27 | Isabel | Torres |
| 28 | Marta | Tzaj |
| | Alfredo | Tzul |
| | Yovani | Ulin |
| | Friolana | Utuc |
| | Felix | Utuy |
| | Augusto | Vasquez |

| | |
|---|---|
| Juan de Jesus | Vasquez |
| Leonardo | Vasquez |
| Maria | Vega |
| Antonia | Velasquez |
| Edgar C | Velasquez |
| Mario | Villamil |
| Elder | Xec |