1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

## JS-6

11

JULIE A. SU, ACTING SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,

Case No. 2:23-cv-10306-HDV-E

12
13

Plaintiff,

**[PROPOSED]** CONSENT
JUDGMENT AND ORDER

14
15

GOOD CASH, LLC, a limited liability
company; GOOD CASH, a corporation;
PREMIUM QUALITY APPAREL, LLC, a
limited liability company; PREMIUM
QUALITY APPAREL, a corporation;
RAMON NONATO TECUM CHIGUIL, an
individual; MARISELA ROMERO, an
individual, aka DIANNA TECUM, aka
DIANA TECUM, aka DIANA ROMERO,
aka DIANNA ROMERO; ~~JOSEPH~~
~~DELAO, an individual~~;

16
17
18
19
20
21
22

Defendants.

23
24
25
26
27
28

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), and Defendants Good Cash, LLC; Good Cash, Inc., dba Good Cash; Premium Quality Apparel, LLC; Premium Quality Apparel, dba Premium Quality Apparel, Inc.; Ramon Nonato Tecum Chiguil, Marisela Romero, aka Dianna Tecum, aka Diana Tecum, aka Diana Romero, aka Dianna Romero ("Romero") ~~and Joseph Delao~~ (collectively, "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith.

## STATEMENTS AND AGREEMENTS BY THE PARTIES

A.     The Acting Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 7, 11(c), 15(a)(1), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(1), 215(a)(2), 215(a)(3) and 215(a)(5).

B.     Defendants have retained defense counsel and acknowledge receipt of a copy of the Acting Secretary's Complaint in this action.

C.     Defendants waive issuance and service of process of the Summons and Complaint and waive their response to the Acting Secretary's Complaint.

D.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E.     Defendants admit they failed to pay their employees overtime for all hours in excess of 40 hours worked in a workweek and failed to accurately record employees' hours and pay, in violation of Sections 7 and 11 of the FLSA. Specifically, Defendants' workers regularly worked around 52 hours per week but were paid for only between 40 and 49 hours per week.  Further, Defendants did not pay the workers an overtime premium for hours worked in excess of 40 in a workweek.

F.     The parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

G.     Defendants agree herein to resolve all allegations of the Acting Secretary's Complaint.

H.     The following Defendants are garment contractors: Premium Quality Apparel, dba Premium Quality Apparel, Inc; Premium Quality Apparel, LLC; Good Cash, LLC; Good Cash, Inc., dba Good Cash.

I.     Defendant Ramon Tecum is the sole owner of Good Cash, LLC. ~~Defendant Joseph Delao was the sole owner of Premium Quality Apparel, Inc. ("PQA Inc.") through September 2023.~~  Defendant Marisela Romero operates and manages all six corporate Defendants, and is primarily responsible for the daily operation of each.  Defendants Tecum, ~~Delao~~ and Romero are employers in relation to the employees listed on Exhibit A.

J.     In October 2023, Defendants' attorney Joshua Mizrahi indicated that he would consider acquiring ownership rights to PQA Inc.  If attorney Mizrahi does become an owner of PQA Inc. or any of the other garment contractor Defendants, attorney Mizrahi agrees to be bound by the terms of this Consent Judgment, and agrees that Defendants will in the future operate in full compliance with the FLSA.

K.     At all relevant times, Defendants' employees were engaged in commerce and/or handling and working on goods that have been moved in commerce, as they regularly handle goods that had or have been shipped from places outside the state of California.  Defendants' enterprise has and at all relevant times has had an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA 3(s), 29 U.S.C. § 203(s).  As such, Defendants'

employees are covered by the FLSA.  Defendants admit they are employers covered and subject to the FLSA.

K.      Following an investigation, on or about August 31, 2023, Wage and Hour investigators notified Defendants that garments made by Defendants for I Am Beyond, LLC ("I Am Beyond"), located at 11248 Playa Court, Suite A, Culver City, CA 90230, are goods made in violation of Sections 7 and 11 of the FLSA and that the Acting Secretary objected to shipment of the goods made into interstate commerce.  On or about September 5, 2023, I Am Beyond agreed to refrain from shipping or selling these goods.  On or about October 17, 2023, I Am Beyond paid $1,164,635.80 to the Department of Labor, which represents the back wages and liquidated damages owed to Defendants' workers for Defendants' violations of sections 7, 11(c), 15(a)(1), 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211(c), 215(a)(1), 215(a)(2), 215(a)(3) and 215(a)(5).  The Acting Secretary is allocating and distributing those funds to Defendants' workers.  In exchange for I Am Beyond's payment, the Acting Secretary lifted her objection to I Am Beyond shipping or selling the goods in interstate commerce.

## PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for

his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.     Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

3.     Defendants shall not contrary to Section 15(a)(3) of the FLSA, discharge; threaten to discharge, lay off, reduce the work schedule or wages, intimidate; or in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Acting Secretary's representatives or participated in or received a distribution from the proceeds of this action.

4.     Defendants shall not fail to make, keep, make available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

5.     Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

a.     Defendants shall pay all employees on an hourly basis.

b.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked

by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the basis of pay, including identifying whether workers are paid per piece; (4) the total weekly straight-time earnings for the hours worked during the workweek; (5) the total premium pay for overtime hours.

c.      Defendants' electronic timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily.  The electronic timekeeping system shall be used to calculate hours worked for payroll purposes.  If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors, and the employee must sign off on the change.

d.      Defendants shall pay all employee wages for each pay period with one check and not break wages up into multiple checks or payments from multiple entities.

e.      Defendants shall maintain all time and payroll records, including any records of cash payments to employees, for a period of not less than three years.

f.      Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements may be recorded in Defendants' accounting system.

g.      Defendants shall provide employees with a paystub that accompanies their pay, on each payday, that reflects the employee's amount of pay, rate of pay, hours worked, and any and all deductions.

h.      Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

i.      Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

j.      Defendants shall not direct supervisors, managers or persons performing payroll duties to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

6.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit A.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment.  Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

7.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA.  Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

8.     Defendants shall provide all persons or entities for which they produce goods with a copy of this Consent Judgment.

9.      For seven years from the Court's entry of this Consent Judgment, the

individual Defendants shall on a quarterly basis report the name of their employer or business they operate and all sources of income in excess of $500 monthly to Wage and Hour Division Director of Enforcement Michael Eastwood (eastwood.michael@dol.gov) or his successor or designee, and Wage and Hour Division District Director for the Los Angeles District Office Kimchi Bui (bui.kimchi@dol.gov) or her successor or designee. Along with this report, the individual Defendants shall also identify any relationship to any garment contractor and/or garment manufacturer, whether as owner, employee or consultant. Defendants shall also report their work address and personal residence addresses.  Further, Defendants shall advise the Wage and Hour Division within 30 days of any change in corporate status or name change, change in their employer, or change in the business they operate.

10.    Defendants shall, within thirty (30) business days after entry of this Consent Judgment and Order by the Court, hold meetings with all employees of all Defendants, at time(s) and date(s) agreeable to the Wage and Hour Division, at which representatives of Wage and Hour Division will be invited and can be present, either in person or virtually at their choice.  At the all-employee meeting(s), Defendants Marisela Romero and Ramon Tecum must be present. Wage and Hour Division personnel will tell all employees that 1) employees will be paid hourly; 2) hourly employees will receive hourly pay for all hours worked up to forty in a workweek; and 3) hourly employees will receive time and a half of their actual hourly rate for hours worked over forty in a workweek.  They will explain that this meeting is required by the Court because of the Consent Judgment.  They will also tell employees various things about their rights under the FLSA, including that they have the right to talk to Wage and Hour Division for any reason including if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so.  They will also tell employees that Defendants are required to keep proper time records of

hours worked, and Defendants will provide employees with paystubs when employees receive their pay.  They will also notify the workers of DOL's contact information and that they can call the DOL about any wage problems or retaliation and their information will remain confidential.  Defendants will have enough copies for all employees of Exhibit B to distribute at this meeting(s).

11. Defendants shall, within thirty (30) days of signing this Consent Judgment, shall engage, at their own expense, an independent third-party monitor, not connected with their businesses, for the purposes of conducting two annual FLSA compliance audits. The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

a. The audits shall contain, at a minimum, notes from employee interviews, the name, address, phone number of each employee and whether the employee is classified as FLSA exempt, FLSA non-exempt, if the employee receives a daily rate, if the employee is paid in cash or by check, the start and end times of each employee's work day for every work day during the period covered by the third-party audit, the regular rate of pay for each employee, the gross weekly straight time and overtime wages owed to each employee for each pay period covered by the third-party audit based on the employee's hours worked and regular rate of pay; and the gross weekly straight time and overtime wages actually paid to each employee for each pay period covered by the third party audit;

b. The independent third-party monitor shall request and conduct interviews with Defendants' employees as part of the audit process.  Such interviews and other communications between workers and the monitor may be kept confidential (except to authorized representatives of the U.S. Department of Labor) at the option of each worker and copies of all notes and interviews conducted by the monitor may be turned over by the monitor to the District Director, Los Angeles office, U.S. Department of Labor, along with the audit

report, if requested by the District Director, Los Angeles office, U.S. Department of Labor.

c.   Before the third-party monitor begins work (and no later than 30 days from the date of this Judgment), Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to the District Director of the Wage and Hour Division's Los Angeles office.  The District Director shall have the right to reject the selected monitor within 10 days and direct that a different monitor be proposed.  If the third-party monitor is not rejected by the District Director within this 10-day period, Defendants' proposed third-party monitor will be deemed to be approved by the District Director.  If a proposed third-party monitor is rejected by the District Director, Defendants shall propose a new third-party monitor within 15 days of the rejection.  If the District Director rejects three monitors proposed by the Defendants, the Acting Secretary may file a motion within 15 days of the third proposed third-party monitor being rejected asking the Court to select the third-party monitor (in any such motion the Acting Secretary must propose a third-party monitor).  If no motion is made within this period, the Acting Secretary will be deemed to have waived the third-party monitor requirement.  Once a third-party monitor is approved by the District Director, such monitor does not have to be re-approved before each audit, instead only a change in the third-party monitor (after initial approval) would require new District Director approval.

d.   The third-party monitor shall have the ability to communicate with Defendants' employees in their native language(s), or, shall be provided with an interpreter as necessary at Defendants' expense.

e.   Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of the employees and to payroll and time records.

f.   If the third-party monitor finds violations of the FLSA, or

regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due within 30 days and shall provide a copy of the written report to the District Director of the Wage and Hour Division's Los Angeles office.

> g.    If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that the Defendants take action to comply with the FLSA or regulations issued under the FLSA, the Defendants shall do so.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Sections 16(c) and 16(e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary and against Defendants, jointly and severally, in the amount of $200,000.  Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

12.    Defendants shall pay $200,000 as a civil money assessment under 29 U.S.C. § 216(e).

13.    Defendants will comply with paragraph 12 of this judgment by making payments as described in Exhibit D.  Defendants may pay without penalty all or a portion of the amount owed earlier than the applicable payment date indicated in Exhibit D.

14.    Defendants shall make the payments required by this Consent Judgment (plus interest as applicable) by going to https://pay.gov/public/form/start/77743734 or by going to www.pay.gov and searching "WHD Civil Money Penalty Payment Form – Western Region."  If unable to pay online, submit payment by certified check or money order made out to "Wage and Hour Division, U.S. Department of Labor" delivered or mailed to Western Regional Office, U.S. Dept. of Labor, Wage and Hour Div., 90 7th Street, Suite 4-390, San Francisco, CA 94103-6710.

15.    Within 30 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone

number, cell phone number, and other known contact information of the employee.

16.     In the event of any default in the timely making of any payment due hereunder in excess of five business days, the full amount due which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

17.     In the event of any default in the timely making of any payment due hereunder in excess of five business days, then Defendants consent to entry of a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce this Consent Judgment's monetary terms. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment, including any post-judgment interest, at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Acting Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property and other assets, including bank accounts with account numbers, that have an estimated value of $2,000.00 or more and the locations of such property for purposes of the Acting Secretary seeking a Writ of Execution in accordance with this paragraph of the Consent Judgment.

18.     Within thirty (30) days of the entry of this Judgment, Defendants shall supply all of its employees with copies of the attached Exhibits B and C. In addition, Defendants shall provide copies of Exhibits B and C to all new hires and post a copy at work location where it is visible to employees.

19.     Defendants agree and acknowledge that any successors or purchasers of the corporate Defendants will be bound in full to the terms of this Consent Judgment.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified therein, nor as to any employer other than Defendants.

ORDERED that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated:   5/6./24

Honorable Hernán D. Vera
United States District Judge

For the Plaintiff:
MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

KATHRYN A. PANACCIONE
Trial Attorney

DATE: 12/6/23

For Defendants:

The Defendants appear and hereby consent to the entry of this Judgment and waive notice by the Clerk of Court.

Good Cash, LLC

BY: Ramon Tecum                              DATE: 12|4|23

Good Cash Inc., dba Good Cash

BY: Ramon Tecum                              DATE: 12|6|23

Premium Quality Apparel, LLC

BY: Marisela Romero                          DATE: 12|6|23

Premium Quality Apparel, dba Premium Quality Apparel, Inc.

[PROPOSED] CONSENT JUDGMENT AND ORDER
Case No. [Case Number]                                              Page 13

1

2

3    BY:   Joseph Delao                          DATE: 12/6/23

4

5

6

7    RAMON NONATO TECUM CHIGUIL               DATE: 12/6/23

8

9

10

11   MARISELA ROMERO, aka Diana Tecum,        DATE: 12/6/23
     aka Dianna Tecum, aka Diana Romero, aka
12   Dianna Romero

13

14   JOSEPH DELAO                             DATE: 12/6/23

15

16

17

18   JOSHUA MIZRAHI                           DATE: 12/6/23

19

20

21

22

23

24

25

26

27

28

Exhibit A

| First Name | Last Name |
| --- | --- |
| Julio Cezar | Acosta |
| Sergio | Aguilar |
| Santiago | Ajin |
| Mario | Alday |
| Isaias | Alvarado |
| Veronica | Anzures |
| Gonzalo | Baltazar |
| Juana | Baltazar |
| Ruben | Bareno |
| Alberta | Barrios |
| Mariano | Cabrera |
| Juan C | Calvac |
| Delfina | Cardoza |
| Angeles | Cazares |
| Hugo | Celaya |
| Clemente | Chan |
| Santos | Chanax |
| Isabel | Chavez |
| Marlon O | Chavez |
| Diego | Chay |
| Juan T | Chay |
| Luis | Chiguil |
| Gladys | Cisneros |
| Lorenzo | Cite |
| Ismael | Corril |
| Conrado | Cortes |
| Maria | Cox |
| Edgar | Cruz |
| Elena | Cruz |

| | |
|---|---|
| Lucia | Cruz |
| Maria G | Cruz De Rodriguez |
| Maria Vega | |
| Amparo | Diego |
| Maria Esther | Echeverria |
| Juana | Esquivel |
| Victor | Farias |
| Constantino | Fuentes |
| Abigail | Gabriel |
| Ana C | Garcia |
| Hada | Garcia |
| Ismelda | Garcia |
| Juana | Garcia |
| Maria Imelda | Garcia |
| Obdulia | Garcia |
| Raul | Garcia |
| Jose Roderico | Gomez |
| Juana Marleni | Gomez |
| Magdalena | Gomez |
| Ambrocio | Gonon |
| Antonio | Gonzalez |
| Armando | Gonzalez |
| Catarina | Gonzalez |
| Denver | Gonzalez |
| Edgar Albino | Gonzalez |
| Hector | Gonzalez |
| Juan | Gonzalez |
| Oseas | Gonzalez |
| Petrona | Gonzalez |
| Tomas | Gonzalez |
| Corina | Hernandez |
| Dalila | Hernandez |

| | |
|---|---|
| Dominga | Hernandez |
| Juan | Hernandez |
| Lucila | Hernandez |
| Maria M | Hernandez |
| Micaela | Hernandez |
| Roberto | Hernandez |
| Rosalio | Hernandez |
| Sebastian N | Hernandez |
| Margarito | Herrera |
| Andres T | Hic |
| Paula | Huerta |
| Maria | Huimac |
| Magdalena | Ignacio |
| Froilana | Itzep |
| Gregory Samuel | Itzep Lopez |
| Francisco | Iztep |
| Clemente | Jimenez |
| Margarita | Jimenez |
| Francisco | Juarez |
| Julian | Juarez |
| Josefina | Lopez |
| Juan | Lopez |
| Macario | Lopez |
| Marieta | Lopez |
| Marta | Lopez |
| Melicio | Lopez |
| Moises | Lopez |
| Vilma | Lopez |
| Dominga | Luciano |
| Toribio | Luna |
| Augustin | Marin |
| Rocio | Marin |
| Cezar | Marquez |

| | |
|---|---|
| Esteban | Martinez |
| Ofelia M | Matul |
| Sandra | Matul |
| Felix | Mejia |
| Lalis | Mejia |
| Mariela | Mejia |
| Mauricio | Mejia |
| Samuel | Menchu |
| Pedro | Mendoza |
| Jose | Montoya |
| Alejandro V | Olivares |
| Manuel | Orduna |
| Narciso | Ortiz |
| Antonio | Oxlaj |
| Miguel | Oxlaj |
| Matias Lopez | Pastor |
| | Pastor |
| Jacinto T | Jacinto |
| Byron | Paxtor |
| Edwin | Paxtor |
| Jose Santos | Paxtor |
| Leonardo | Paxtor |
| Santos | Pec |
| Flory | Perez |
| Graciela | Perez |
| Jeremias | Perez |
| Juan | Perez |
| Juan Pastor | Perez |
| Paula | Perez |
| Ramon | Perez |
| Jorge Arturo | Pirir |
| Hector | Puac |
| Moises | Ramales |

| | |
|---|---|
| Francisco P | Ramirez |
| Maria | Ramirez |
| Juan A | Ramos Chay |
| Miguel | Renoj |
| Andrea | Rodriguez |
| Veronica | Rumbo |
| Daniel | Sabaj |
| David | Salinas |
| Victor | Salinas |
| Eliseo | Sanchez |
| Nery | Sandoval |
| Bartolo | Sarat |
| Francisco | Son |
| Miqueos | Son |
| Santos | Son |
| Maria | Sosa |
| Norma | Sosa |
| Jazmina | Soto |
| Julian | Tamayac |
| Diego C | Tecum |
| Hermelinda | Tecum |
| Jacinto | Tecum |
| Javier | Tecum |
| Victoriana | Tecum |
| Wilfredo | Tecum |
| Pedro | Tomas |
| Isabel | Torres |
| Marta | Tzaj |
| Alfredo | Tzul |
| Yovani | Ulin |
| Friolana | Utuc |
| Felix | Utuy |
| Augusto | Vasquez |

| | |
|---|---|
| Juan de Jesus | Vasquez |
| Leonardo | Vasquez |
| Maria | Vega |
| Antonia | Velasquez |
| Edgar C | Velasquez |
| Mario | Villamil |
| Elder | Xec |

Exhibit B

The State of California does not permit paying you by piece rate.  You must be paid overtime when you work more than 40 hours per week.  The rate paid must not be less than the highest of rates set by local standards.  As of July 1, 2023, the Los Angeles City minimum wage is $16.78 per hour.  The CA state minimum wage is $15.50 per hour.

If you are paid by the **hour**, below is the example of how you should be paid.

**Example:**
Employee A's is paid by the hour at $16.78 and worked 50 hours in a week.
The company is in the city of Los Angeles.

Straight Time pay=   $16.78 rate of pay X 40 hours = $671.20
OT Pay=              $16.78 rate of pay X 10 OT hours X 1.5 = $251.70
**Total pay=         Straight time pay $671.20 + OT pay $251.70 = $922.90**

---

If you are paid by **salary**, below is the example on how you should be paid.

**Example:**
Employee B's weekly salary is $500.00 and worked 40 hours in a week.
The company is in the city of Los Angeles.

Rate of pay=        Salary $500.00 ÷ 40 hours worked = $12.50 per hour
Difference =        $16.78 (City Minimum Wage) - $12.50 = $4.28 (underpaid)
MW Due =            $4.28 per hour x 40 hours = $171.20
**Total pay =       Salary $500.00 + MW due $171.20 = $671.20**

**Example:**
Employee C's weekly salary is $600.00 and worked 50 hours in a week.
The company is in the city of Los Angeles.

Rate of pay=        Salary $600.00 ÷ 50 hours worked = $12.00 per hour
Difference =        $16.78 (City Minimum Wage) - $12.00 = $4.78 (underpaid)
MW Due =            $4.78 per hour x 50 hours = $239.00
OT due =            $16.78 (City Minimum Wage) X 0.5 X 10 OT hours = $83.90
**Total pay =       Salary $600.00 + MW due $239.00 + OT Due $83.90 = $922.90**

Exhibit C

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid hourly or on a salary basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Marisela Romero, Ramon Tecum, Good Cash and Premium Quality Apparel** from paying employees by the piece or in any other way that violates the Fair Labor Standards Act.  The Court also forbid Marisela Romero, Ramon Tecum, Good Cash, and Premium Quality Apparel from firing, threatening, intimidating, or reducing the work hours of any employee because that employee complained about their pay practices or spoke to the Department of Labor.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 or 1-866-487-9243.  Your name will not be disclosed.

<u>Exhibit B</u>

El estado de California no permite que se le pague a usted por pieza.  A usted le tienen que pagar el tiempo suplementario (overtime) cada vez que usted trabaje más de 40 horas por semana.  El sueldo que le paguen a usted por hora no puede ser menos de lo que estipulen las leyes locales.  Comenzando julio 1, 2023, el sueldo mínimo por hora en la ciudad de Los Angeles es $16.78.  El sueldo mínimo por hora en el estado de California es de $15.50 por hora.

Si a usted le pagan por **<u>hora</u>**, a continuación, está un ejemplo de cómo es que le deben de pagar.

**Ejemplo:**
Al empleado A le pagan por hora a $16.78 y trabajó 50 horas en una semana.
La compañía está localizada en la ciudad de Los Angeles.

El pago a tiempo regular es = $16.78 pago por hora X 40 horas = $671.20
El pago por overtime=          $16.78 pago por hora X 10 horas de overtime X 1.5 veces = $251.70

**El pago total es = El pago por el tiempo regular $671.20 + el pago por overtime $251.70 = $922.90**
_____

Si a usted le pagan por **<u>salario,</u>** a continuación, está un ejemplo de cómo es que le deben de pagar.

**Ejemplo:**
El salario del empleado B es de $500.00 por semana y trabajó 40 horas en una semana.
La compañía está localizada en la ciudad de Los Angeles.

La taza de pago es =           El salario $500.00 ÷ 40 horas trabajadas = $12.50 por hora
Deficiencia de pago por hora = $16.78 (el sueldo mínimo que dicta la ciudad) - $12.50 = $4.28
Sueldo mínimo Adeudado =      $4.28 por hora x 40 horas = $171.20

**El pago total es = El salario de $500.00 + Sueldo mínimo Adeudado $171.20 = $671.20**


**Ejemplo:**
El salario del empleado C es de $600.00 por semana y trabajó 50 horas en una semana.
La compañía está localizada en la ciudad de Los Angeles.

La taza de pago es =           El salario $600.00 ÷ 50 horas trabajadas = $12.00 por hora
Deficiencia de pago por hora = $16.78 (el sueldo mínimo que dicta la ciudad) - $12.00 = $4.78
Sueldo mínimo Adeudado =      $4.78 por hora x 50 horas = $239.00
Overtime adeudado=            $16.78 (el sueldo mínimo que dicta la ciudad) X 0.5 X 10 horas de overtime = $83.90

**El pago total es = El salario de $600.00 + Sueldo mínimo Adeudado $239.00 + El pago por overtime adeudado $83.90 = $922.90**

<u>Exhibit C</u>

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de **Normas Justas de Trabajo** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A la vez, también estipula que cada empleado que trabaje **tiempo suplementario (overtime),** o sea, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganan por hora por cada hora de tiempo suplementario trabajada.  Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague a tiempo y medio de lo que ganan por hora por el tiempo suplementario cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda iniciada por el **Departamento del Trabajo**, el **Tribunal de Distrito de Los Estados Unidos** expidió una orden en la cual prohíbe a **Marisela Romero, Ramon Tecum, Good Cash y a Premium Quality Apparel** de pagarle a sus empleados por pieza o de pagarles en alguna otra forma la cual viole las estipulaciones laborales de La Ley de Normas Justas de Trabajo.  El Tribunal de Distrito de Los Estados Unidos también prohíbe a Marisela Romero, Ramon Tecum, Good Cash, y a Premium Quality Apparel de despedir, amenazar, intimidar o de reducir las horas de trabajo de algún empleado porque éste se quejó de cómo le pagaban en el trabajo o porque habló con representantes del Departamento del Trabajo.

Todos los empleados que trabajan en este establecimiento deben reportar violaciones laborales de sueldo mínimo y de pago por tiempo suplementario a la Division de Horas y Salarios del Departamento del Trabajo de los Estados Unidos (U.S. Department of Labor, Wage and Hour Division), al número de teléfono (213) 894-6375 o al 1-866-487-9243.  Su nombre no va a ser revelado.

## Exhibit B

캘리포니아 주는 조각당 지급 방식을 허용하지 않습니다. 주당 40 시간 이상 근무할 때는 근로자에게 초과근무수당을 지급해야 합니다. 지불된 비율은 지역 기준에 따른 가장 높은 최저임금비율보다 낮지 않아야 합니다. 2023 년 7 월 1 일 기준으로 로스앤젤레스 시의 최저 시급은 시간당 $16.78 달러입니다. 캘리포니아 주의 최저 시급은 시간당 $15.50 달러입니다.

<u>시간당</u> 임금을 받는 경우, 아래는 어떻게 지급되어야 하는지의 예시입니다.

**예시 :**
직원 A 는 시간당 16.78 달러를 받고 일주일에 50 시간 일했습니다. 회사는 로스앤젤레스 시에 위치하고 있습니다.

| | |
|---|---|
| 정규 근무 시간 임금 = | $16.78 x 40 시간 = $671.20 |
| 초과 근무 시간 임금 = | $16.78 x 10 시간 x 1.5 = $251.70 |
| **총 급여 =** | **정규 근무시간 임금 $671.20 + 초과근무 시간 임금 $251.70 = $922.90** |

---

만약 **연봉**으로 지급받는다면, 아래는 어떻게 지급받아야 하는지의 예시입니다.

**예시:**
직원 B의 연봉은 일주일에 500달러이며 40시간을 근무했습니다. 회사는 로스앤젤레스 시에 위치하고 있습니다.

| | |
|---|---|
| 급여율 = | 주급 $500.00 ÷ 40 근무시간 = 시간당 $12.50 |
| 차액 = | $16.78 (도시 최저 시급) - $12.50 = $4.28 (시간당 미지급 금액) |
| 최저임금 지급액 = | $4.28 x 40시간 = $171.20 |
| **총 급여 =** | **주급 $500.00 + 최저임금 지급액 $171.20 = $671.20** |

예시 :
직원 C의 연봉은 일주일에 600.00달러이며 50시간을 일했습니다. 회사는 로스앤젤레스 시에 위치하고 있습니다.

| | |
|---|---|
| 급여율 = | 주급 $600.00 ÷ 50 근무시간 = 시간당 $12.00 |
| 차액 = | $16.78 (도시 최저 시급) - $12.00 = $4.78 (미지급된 금액) |
| 최저임금 지급액 = | $4.78 x 50시간 = $239.00 |
| 초과근무시간 수당 = | 도시 최저 시급 $16.78 x 0.5 x 10시간 초과근무 = $83.90 |
| **총 급여 =** | **주급 $600 + 최저임금 지급액 $239 + 초과근무시간수당 $83.90 = $922.90** |

<u>Exhibit C</u>

# 모든 직원에 대한 법적 공지문

**공정 노동기준법은** 모든 직원이 근무한 모든 시간에 대해 **최저임금**을 받아야 한다고 규정합니다. 또한 직원들은 한 주에 40시간을 초과하여 근무할 경우 정규 시급의 1.5배에 해당하는 **초과근무수당**을 받아야 합니다. 모든 직원, 시간당 또는 연봉 방식으로 지급을 받더라도, 주당 근무시간이 40시간을 초과하면 초과근무 수당을 받을 권리가 있습니다.

**노동부**에서 제기한 소송을 해결하기 위해 **미국 지방법원**은 **Marisela Romero, Ramon Tecum, Good Cash, 그리고 Premium Quality Apparel**이 공정 노동기준법을 위반하는 방식으로 직원에게 조각당 또는 다른 어떤 방식으로 급여를 지급하는 것을 금지하는 명령을 내렸습니다. 또한, 이 명령에 따라 Marisela Romero, Ramon Tecum, Good Cash, 그리고 Premium Quality Apparel은 직원 중 어떤 직원이 자신들의 급여 체계에 대해 불만을 제기하거나 노동부와 대화를 나눴기 때문에 어떤 직원의 해고, 위협, 협박 또는 근무 시간을 줄이는 것을 금지했습니다.

이 기업에서 근무하는 모든 직원은 최저임금과 초과근무에 대한 위반 사항을 미국 노동부, 임금 및 근로부에 신고해야 합니다. 전화번호는 (213) 894-6375 또는 1-866-487-9243입니다. 여러분의 이름은 공개되지 않을 것입니다.

## Exhibit D

| Total CMP | $        200,000.00 |
|---|---|
| Interest Rate | 3% |

| Due Date | Payment Type | Principal | Interest | Payment |
|---|---|---|---|---|
| 2/1/2024 | Down Payment | | | $        30,000.00 |
| 3/1/2024 | Installment #1 | $  28,156.77 | $  425.00 | $        28,581.77 |
| 4/1/2024 | Installment #2 | $  28,227.16 | $  354.61 | $        28,581.77 |
| 5/1/2024 | Installment #3 | $  28,297.73 | $  284.04 | $        28,581.77 |
| 6/1/2024 | Installment #4 | $  28,368.47 | $  213.30 | $        28,581.77 |
| 7/1/2024 | Installment #5 | $  28,439.40 | $  142.37 | $        28,581.77 |
| 8/1/2024 | Installment #6 | $  28,510.47 | $  71.28 | $        28,581.75 |